## ANNIE YENCHO v. JOE KRULY.[1]

March 14, 1924.

No. 23,867.

**Motion for directed verdict prerequisite to motion for judgment non obstante.**

1.  Motion for judgment notwithstanding verdict cannot be considered where there is no motion for a directed verdict.

**Verdict sustained.**

2.  Evidence examined and *held* to sustain verdict.

**Verdict not excessive.**

3.  Record examined and *held* that verdict not excessive.

**Verdict in action for slander.**

4.  Primary object of slander suit and elements of damages included in verdict.

**No warrant for interference with verdict.**

5.  Verdict not disturbed unless the amount is so flagrant as to excite suspicion of unfair dealing.

[1]Reported in 197 N. W. 752.

Action in the district court for Anoka county to recover $8,000 for slander. The case was tried before Giddings, J., and a jury which returned a verdict for $1,000. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

A. A. Tenner, for appellant.

Will A. Blanchard, for respondent.

WILSON, C. J.

This is an action for slander. Plaintiff is a married woman having a husband and 3 children. The complaint alleges that the defendant in the presence of Nettic Korba and others spoke of and concerning the plaintiff the following words, to-wit: "Zeta bestia kurva" in the Slovac language which was then and there well understood by those present, and which words translated into English are: "She is a bitch of a whore." This was denied by the answer. The jury returned a verdict for $1,000. Defendant moved for judgment notwithstanding the verdict or for a new trial and from an order denying the same has appealed to this court.

The defendant did not make a motion for a directed verdict at the close of the trial and hence is not in a position to urge his motion for judgment.

The defendant asked for a new trial on the claim that the verdict is not justified by the evidence and that the verdict is excessive.

We have carefully examined the evidence and find that it is ample, and that it clearly presents a question for the jury.

In considering the claim that the verdict is excessive we find that the record discloses that defendant first began to pour poison into the ear of plaintiff's husband; that he made inquiry of plaintiff's young son as to whether a certain man called on plaintiff and then made other remarks to others reflecting upon plaintiff's morality. Defendant was called to plaintiff's home where he agreed to adjust matters by there agreeing to make no further repetition of his scurrilous statements and there acknowledged that he had no foundation for making them; and he agreed to settle by paying plaintiff $25, her husband $15, and Andrew Slavik, whose name he had con-

nected with plaintiff, $10. This was October 28, 1922. Defendant testified about paying this money and said, "and then they licked me after that." But notwithstanding his promise and his past experience the jury found that about two months later he spoke of plaintiff as first above mentioned, indicating, perhaps, that he was still remembering bygones.

Upon such a record the defendant is guilty of a misdemeanor. Section 8645, G. S. 1913. He has undertaken to defame the plaintiff and apparently without claim of justification. He imputes to her criminal conduct jeopardizing her domestic tranquility and could scarcely do more to imperil her good name. Slander travels exceedingly fast, while its denial travels at a snail's pace and it is doubtful if the latter covers all the territory of the former. If so, it is, at times, so far behind, at many places, that it cannot be recognized as a refutation of the harmful words. Slander is an insidious offense. We should have a reason for speech though we need none for silence. It is not easy to determine the exact damages resulting. The primary object in a case of this character is: (1) To obtain a verdict that will compensate the plaintiff for the injury done her; (2) to operate as an example or deterrent to others; and (3) to serve as a punishment to defendant. The court very properly instructed the jury as to punitive damages. This verdict may be considered as including these three elements. We have no standard by which to measure the exact amount of damages, and, unless the amount is so flagrant as to excite the suspicion of unfair dealing, we are not warranted in interfering with or criticising the verdict.

Order affirmed.